UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.R.V., a minor, by and through Guardian Ad Litem EUFEMIA SAMANTHA VALDEZ,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER UNION ELEMENTARY SCHOOL DISTRICT, et al,<br><br>Defendants. | Case No. 1:24-cv-01239-KES-BAM<br><br>**ORDER GRANTING PETITION OF EUFEMIA SAMANTHA VALDEZ FOR APPOINTMENT AS GUARDIAN AD LITEM FOR PLAINTIFF P.R.V.**<br><br>(Doc. 10) |

Currently before the Court is the petition of Eufemia Samantha Valdez to be appointed as guardian ad litem for Plaintiff P.R.V., a minor. (Doc. 10.)[1]

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). This requires a district court to take whatever measures it deems proper to protect the individual during litigation. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the

---

[1] The Court notes that the initial complaint included Plaintiff's full name and listed the guardian ad litem as "Samantha Brown," whereas Plaintiff's First Amended Complaint lists the minor Plaintiff as P.R.V. and the guardian ad litem as "Eufemia Samantha Valdez." (Docs. 1, 9.) The Court refers to Plaintiff and Plaintiff's guardian ad litem as named in Plaintiff's First Amended Complaint (Doc. 9).

1

> minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)); *see I.W. by & through Aguirre v. Clovis Unified Sch. Dist.,* No. 1:24-cv-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing mother as guardian ad litem where mother was fully competent, consented to appointment, and had no interest adverse to rights of plaintiff).  "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict."  *H.D.A*, 2022 WL 992990, at *1 (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the application of Eufemia Samantha Valdez for appointment as guardian ad litem for Plaintiff P.R.V. and finds no apparent conflict that would preclude Ms. Valdez from serving as guardian ad litem.  The application indicates that Ms. Valdez is the mother of P.R.V. and has custody of her.  (Doc. 10 ¶ 2.)  The application further indicates that Ms. Valdez is willing to serve as guardian ad litem of Plaintiff and is "fully competent to understand and protect the rights of the minor and to have no interest adverse to that of the minors." (*Id.* ¶ 5.)

///

///

///

1 | Accordingly, IT IS HEREBY ORDERED that Eufemia Samantha Valdez is appointed in this action as guardian ad litem for minor Plaintiff P.R.V.

IT IS SO ORDERED.

Dated: **January 28, 2025**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE